J. N. BELL, *as Sheriff of Franklin County*, v. J. W. RANKIN.

1. AGENT—*Authority—Evidence*. A letter of authority to an agent is properly admitted in evidence to show the scope of his authority.

2. MORTGAGED PROPERTY—*Conversion*. A conditional trade of property taken under a chattel mortgage, the conditions of which have never been fulfilled, is not an appropriation of the property.

3. FRAUD—*Findings, Not Disturbed*. The question of fraud was raised in the pleadings, evidence was introduced *pro* and *con*, and the jury found the facts in favor of this defendant in error. *Held*, It is not the province of this court to disturb said findings.

4. WRITTEN CONTRACT, *Parol Evidence to Explain*. Parol evidence of surrounding facts and circumstances may always be introduced to explain the terms of a written contract, when such terms are not in and of themselves sufficiently plain and obvious, or where other evidence has already been introduced tending to make such terms uncertain or ambiguous.

MEMORANDUM.— Error from Franklin district court; A. W. BENSON, judge. Action by J. W. Rankin against J. N. Bell, as sheriff, to recover the value of certain goods. Judgment for plaintiff. The defendant brings the case to this court. Affirmed. Opinion filed July 16, 1895.

The statement of the case, as made by DENNISON, J., is as follows:

This was an action brought in the district court of Franklin county, by J. W. Rankin, this defendant in error, as plaintiff, against J. N. Bell, this plaintiff in error, as defendant, in which Rankin sought to recover the value of certain goods, which the said Bell, as sheriff of Franklin county, had taken under an order of attachment issued by the clerk of the district court against the property of J. H. and J. E. Ran-

14—APP.

kin, partners, doing business under the firm name of Rankin Bros., at Wellsville, Kas., in a certain action then pending in said court, wherein J. C. Glenn was plaintiff and said Rankin Bros. were defendants.    It appears from the record in this case that this defendant in error, J. W. Rankin, and his two sons, J. H. and J. E. Rankin, about the 20th of March, 1888, traded property and gave notes for a stock of general merchandise that was then situated in Westphalia, Kas., and under the partnership name of Rankin Bros. they conducted the said business until the 3d day of January, 1889, when the said J. W. Rankin sold his interest in the business to his two sons, J. H. and J. E. Rankin, and as part of the purchase-price for his interest in said goods he took from J. H. and J. E. Rankin their promissory note for $3,000, due in one year, and drawing 10 per cent. interest from date.    On the 24th day of June, 1889, J. H. and J. E. Rankin executed a new note to their father, J. W. Rankin, due January 1, 1890, at 10 per cent. interest from date, and to secure the said note they executed a chattel mortgage upon their general stock of merchandise to the said J. W. Rankin, which said mortgage was duly filed in the office of the register of deeds of Franklin county, Kansas. The said J. W. Rankin made S. W. Rankin, another of his sons, his agent to look after his interest under the mortgage.    The said chattel mortgage contained the following clause :

"But said firm is authorized, during the currency of this mortgage, to continue their business at said store in the usual course, selling said goods at retail at the current prices; but they are to keep a strict account of said sales and pay out the proceeds of the sales to said J. W. Rankin in payment of the debt hereby secured, less the necessary expenses of carry-

ing on said business as aforesaid, to which end they are authorized to buy such goods from time to time as may be necessary to keep such stock in a salable condition out of the said proceeds; but such new goods so purchased shall be subject to said mortgage the same as the others.''

And also the further clause :

''And it is further agreed that, in case of a sale or disposal or attempt to dispose or sell of the goods and chattels hereby mortgaged, or a removal or attempt to remove the same from the county aforesaid, or an unreasonable depreciation in value, or if from any cause the security shall become inadequate, or the party of the second part shall deem himself insecure, then and thenceforth it shall be lawful for the party of the second part, his executors, administrators and assigns, or his authorized agent, to enter upon the premises of the said party of the first part, or any other place or places wherein said goods and chattels aforesaid may be, to remove and dispose of the same, and all the equity of redemption of said party of the first part, at public auction or private sale, to the person or persons who shall offer the highest price for the same, and out of the avails thereof to retain the full amount of said obligation with interest thereon, according to the conditions thereof, together with all reasonable costs and expenses attending the same, rendering to said party of the first part or his legal representative the surplus money, if any there be, anything herein to the contrary notwithstanding.''

On the 3d day of July, 1889, S. W. Rankin, as the agent of his father, took possession of the stock of goods under the mortgage and was proceeding to sell the same, when several attachments were levied upon said goods as the property of said Rankin Bros., the second one being the one of J. C. Glenn, upon which this suit is based. After this second attachment had been levied upon the goods, S. W. Rankin,.

acting as the agent of his father, made a conditional trade of said goods to T. W. Collingsworth for western land, the condition of said trade being that, if said Collingsworth failed to hold the goods, said Rankin would reconvey to him the land given for the goods. Other attachments were levied upon the goods as the property of said Rankin Bros., until they were all exhausted, leaving nothing for J. W. Rankin or for T. W. Collingsworth. The petition of this defendant in error in this case alleges unlawful conversion of the goods. The answer of this plaintiff in error is a general denial, and an allegation from the said Bell that he was the sheriff of Franklin county, Kansas, and took the goods by virtue of an order of attachment issued in the case of J. C. Glenn v. Rankin Bros., and that the goods belonged to Rankin Bros., and that the pretended claim of J. W. Rankin was a sham and pretense, and was held by him for the purpose and with the intent to assist the said Rankin Bros. to cheat and defraud their creditors, and to hinder and delay them in the collection of their just claims against the Rankin Bros., and that the said Rankin Bros. were then insolvent and had absconded. The reply of this defendant in error was a general denial.

The jury found generally for the plaintiff in the sum of $810.68, and found specially that the mortgage was executed by Rankin Bros. to J. W. Rankin in good faith, and was a valid mortgage given for a valuable consideration, and that the mortgagee took possession of the goods under the mortgage. They also found that the value of the merchandise taken under the mortgage was $4,900, and the value of the goods left in the possession of the mortgagee, after the levy of attachment of the case of Glenn v. Rankin Bros., was $4,349.32; that the trade between

Collingsworth and Rankin was a conditional one; that, at the time the mortgagee took possession of the goods, Rankin Bros. were owing him $3,008, and at the commencement of this suit were owing him $2,846.50.

*C. S. Reed*, and *C. A. Smart*, for plaintiff in error.

*John W. Deford, John C. Sheridan*, and *W. A. Deford*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : The brief of the plaintiff in error in this case has been prepared without any regard whatever to rule 7 of this court.   On page 6 of his brief the plaintiff in error says : " The first error to which I desire to call the court's attention is the objection to the introduction of a letter on page 37 of the record;" so we take it for granted that this is the first error complained of.   A copy of the letter is as follows :

"TRIBUNE, KAS., June 30, 1889.   I, John W. Rankin, do hereby direct and appoint S. Wallace Rankin as my agent to seize and hold under chattel mortgage the stock of general merchandise owned by Rankin Bros., contained in a store building situated on lots 10 and 11, block 14, in the city of Wellsville, Franklin county, Kansas, and to proceed to the sale of the same to satisfy said mortgage.—JOHN W. RANKIN."

To the introduction of this letter the defendant objected, for the reason that it contradicts the testimony of the witness, and is irrelevant and incompetent, which said objection was overruled and excepted to. This objection was very properly overruled.   The letter was entirely competent and material; is the very best proof that John W. Rankin did direct and appoint S. Wallace Rankin as his agent to seize and

hold these goods under the chattel mortgage, and to proceed and sell the same to satisfy the mortgage; and, in the absence of any other authority, this was all the power he did have, and the statement that it contradicts the testimony of the witness is no ground for refusing its introduction. If there is a contradiction in the testimony of this witness, it certainly would not be prejudicial to this plaintiff in error, but, on the contrary, would be beneficial to him. This defendant in error rightly says in his brief, "there is no rule of law which prevents a party testifying in his own behalf from contradicting or impeaching himself."

The attorney for the plaintiff in error argues the facts in the case, and on page 10 of his brief concludes as follows:

"I have called the court's attention to this matter because we believe that the verdict is contrary to the evidence, and that a plainer case of fraud was never presented to a jury."

We are at a loss to determine whether this is intended as an argument on a question of law or fact, and whether it is expected this court will determine the matter on questions of fact which have been determined by the jury, where the same have been properly submitted to them by the court after hearing all the evidence, or whether the counsel expects us to consider this an error of law by the court, and expects us to reverse the case for this cause. This question of fraud was raised in the pleadings, and the jury found that the note and mortgage given by Rankin Bros. to this defendant in error was a valid one, given for a valuable consideration, and that defendant, by his agent, S. Wallace Rankin, took possession of the goods, and that the transac-

tion was all in good faith. The jury having found these facts in favor of this defendant in error, it is not the province of this court to disturb them; and, as to the statement that the verdict is contrary to the evidence, there is sufficient evidence to sustain the finding of the jury.

The next error complained of by the plaintiff in error is in the introduction of the evidence of Collingsworth as to the conversation and circumstances which led up to the trade made between S. Wallace Rankin and Collingsworth of the balance of the goods. The question as to this trade was not raised by the pleadings, but was first drawn out upon the cross-examination of S. Wallace Rankin. It was then developed that Rankin made a conditional trade of the balance of the goods with Collingsworth for two quarter-sections of western land, and thereafter the defendant in error introduced the deeds to the land, and a conditional bill of sale, with the invoice attached, in evidence. The deeds import a consideration of $1,800, and show incumbrances of $649.33. The invoice shows the goods to be valued at $1,800. The following is a copy of the bill of sale:

"WELLSVILLE, KAS., July 6, 1889. Know all men by these presents, that I, the undersigned, have this day sold and delivered to T. W. Collingsworth the goods, wares and merchandise now remaining in the store-room lately occupied by Rankin Bros., in Wellsville, Kas., held by me under a chattel mortgage, in consideration of certain land in Finney and Kearny counties, Kansas, this day conveyed to me by said T. W. Collingsworth and wife. In case said Collingsworth should not be able to hold the goods, I am to convey to him said lands and make good to him any expense he may be put to in defending said goods. An estimate and invoice of the above-mentioned merchandise is hereto attached.—J. W. RANKIN, by Wal-

lace Rankin, agent for mortgagee.     Witness:  T. J. Gregory.''

The evidence of Collingsworth was to the effect that he was in the store talking to Wallace Rankin after there had been two attachments taken out, and proposed to buy the remainder of the goods, and proposed to trade him a couple of pieces of land; that they finally agreed on a trade, and he then went to Ottawa and sought advice as to whether Wallace Rankin had a right, as the agent of his father, to trade for the goods.  He was told that he had, and made a deal for the land, and that he insisted on the condition being put in the agreement that, in case he could not hold the goods, the land was to be reconveyed to him; that he told Wallace Rankin that the land cost him $3,000; that he was willing to give him the land for the goods, but that the talk was that the land had depreciated in value, and was not worth as much as it had been; and in his redirect examination he testified that all the goods had been taken from him, and none of them had ever been returned, and that he had not been allowed to keep any of the goods, or any part of the proceeds of any of them, and that he never sold any of them.   There is nothing in this testimony tending to contradict or vary the terms of the written agreement between these parties.   The terms of the deeds, bill of sale and invoice are not very explicit, and evidence had been introduced, over the objection of this defendant in error, tending to make the terms uncertain and ambiguous.

"All written contracts may be examined by the light of extrinsic and surrounding circumstances. And, while it is true that parol evidence can never be introduced to contradict or vary the terms of a written contract, (except when directly attacked in a court

of equity for fraud or mutual mistake,) yet parol evidence of surrounding facts and circumstances may always be introduced to explain the terms of a written contract where such terms are not, in and of themselves, sufficiently plain and obvious, or where other evidence has already been introduced tending to make such terms uncertain or ambiguous." (*Simpson v. Kimberlin*, 12 Kas. 579.)

This plaintiff in error had been permitted, upon cross-examination, to draw out considerable of the facts and circumstances under which said trade was made, and the court very properly permitted the introduction of the testimony objected to. This plaintiff assigns as error the refusal of the trial judge to permit this plaintiff in error to show that Collingsworth was not relying upon the contract of the sale of the goods, but was pursuing the goods. This evidence was properly excluded. This defendant in error was entitled to his legal rights, irrespective of whatever notion or view of the case Collingsworth might take.

The next assignment of error is in overruling the motion of plaintiff in error for judgment on the special verdict of the jury. The jury found specially that the value of the goods left in the possession of the plaintiff, after the levy of attachment in the case of Glenn v. Rankin Bros., was $3,349.32, and that said goods were traded conditionally to T. W. Collingsworth for property, and that the amount due upon the note of this defendant in error was $2,846.50. The plaintiff in error claims that there was no evidence to sustain the special finding of the jury that the trade of T. W. Collingsworth was a conditional one. The bill of sale of the goods shows that the trade was a contingent or conditional one. The jury found that the mortgage to J. W. Rankin was a valid one, given to secure

an honest, existing debt, and that he was entitled
to the possession of the goods under his mortgage.
This being true, he was entitled to hold said goods
against everybody until he had realized from them
enough to pay him the amount of his note and mort-
gage and the reasonable costs and expenses of con-
verting them into money to make such payment;
and when his note and mortgage had been fully
paid, the balance of the goods would have been sub-
ject to the claim of the creditors of Rankin Bros.
Had the trade to Collingsworth been a complete trans-
action, Rankin would have appropriated the goods
which were traded to Collingsworth, and which, ac-
cording to the special findings of the jury, were of the
value of $3,349.32. The special findings of the jury
established Rankin's claim at $2,846.50; therefore
the goods appropriated would be the full payment
of the note and mortgage of said Rankin and leave
over $500 to be applied to the payment of costs, and
the balance to have been turned over to Rankin Bros.,
or subject to the demands of their creditors. The
condition in the trade are set out in the bill of sale,
and provide, in case Collingsworth should not be able
to hold the goods, that Rankin is to convey to him
said land and make good to him any expense he may
be put to in defending said goods. According to the
evidence in this case, Collingsworth was not able to
hold the goods, but they were seized by the creditors
of Rankin Bros., and taken out of his possession;
and there is nothing in the evidence to show that he
ever realized one dollar from them, or that J. W.
Rankin has ever received any part of the $2,846.50
due him upon the mortgage of Rankin Bros. The
evidence in this case all tends to show that the trade
was contingent or conditional upon the fact that Col-

lingsworth could hold said goods, and was not a completed transaction until it was ascertained whether he could or could not hold them. The fact that the goods were at that time out of his possession and had been seized by the creditors of Rankin Bros., considering the other evidence in the case, warranted the jury in finding that the trade was a conditional one. The goods were not appropriated by J. W. Rankin and used for his benefit, but were seized by the creditors of Rankin Bros. The motion of plaintiff in error for judgment on the special verdict of the jury was properly overruled.

The only other assignment of error is in the refusal of the court to give certain special instructions asked for by this plaintiff in error. We have examined very carefully the instructions asked and the instructions given, and we find the instructions given by the learned judge cover the law in the case, and that no material error was committed in refusing to give the special instructions. The judgment of the court below is affirmed.

All the Judges concurring.